UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 06-75-DLB**

**BENCH BILLBOARD COMPANY**                                                 **PLAINTIFF**

vs.                             **OPINION AND ORDER**

**CITY OF COVINGTON, KENTUCKY, et al.**
                                                  **DEFENDANTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, an Ohio company engaged in advertising products and services on the backrests of benches it installs on both public and private property, commenced this suit after the City of Covington passed an ordinance that prevented it from continuing to place its advertising benches in the City's public rights of way.

This matter is presently before the Court on Plaintiff's Motion for Partial Summary Judgment Against TANK and TANK's Cross-Motion for Summary Judgment. (Docs. #74, 76, 81)[1]. Plaintiff's Motion for Partial Summary Judgment has been fully briefed. (Docs. #88, 92). Plaintiff filed a Response in opposition to TANK's Motion for Summary Judgment (doc. #87); however, TANK has yet to file a reply, and the time for filing has expired. Therefore, both motions are ripe for review.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Bench Billboard Company, is an Ohio business that installs and maintains

---

[1] Plaintiff filed its Memorandum in Support of its Motion for Partial Summary Judgment against TANK, (doc. #81), separate from its Motion for Partial Summary Judgment, (docs. # 76).

1

advertising benches on both public and private property throughout Michigan, Ohio, Indiana, and Kentucky. Plaintiff's benches are usually placed near public bus stops or traffic signals at busy intersections. The benches are approximately 6 feet long, 2 feet deep and 3.5 feet tall. The backrest of the bench features an advertising sign that is 2 feet high and 6 feet long, providing Bench Billboard's customers with a total of 12 square feet of advertising space per bench. The benches are substantial: the ends of each bench are composed of pre-formed reinforced concrete, giving the benches a total weight of 475 pounds. Prior to the City of Covington's enactment of the ordinance at issue in this case, Bench Billboard had approximately 22 benches located within the City of Covington, and had been placing benches in Covington for over 45 years.

On August 26, 2005, the City of Covington ("the City") enacted Ordinance 0-48-05 ("the Ordinance"), now codified as Section 96.71 of Covington's Code of Ordinances, which regulates the placement of "encroachments" in the public rights of way. By its terms, the Ordinance specifically prohibits the placement of advertising benches in the public rights of way unless the person seeking to install the bench first obtains a permit and/or franchise agreement from the City of Covington.[2]

---

[2] The relevant parts of the Ordinance are as follows:

(B) *Permit Required.* No person shall, directly or indirectly, as principal, agent or employee, place any bench, vending machine, planter, or other item causing an encroachment along any public right-of-way without having obtained a permit to do so from the Code Enforcement Department of the city.

(Footnote continued on the next page)
(C) *Franchise Agreement.*
    (1) No person shall install or maintain any bench, transit shelter or other public service item that incorporates advertising panels on any public right-of-way- unless installed in accordance with a franchise agreement granted by the city.

    (2) The provisions of this section shall not be construed to prohibit the installation and

2

Following the enactment of the Ordinance, the City advised Bench Billboard Co. that its advertising benches, as violative of the Ordinance, must be voluntarily removed by September 30, 2005, or the Covington Public Works Department would remove them. Bench Billboard protested, and attempted to find a way around the ordinance by moving several of its benches onto private property, removing others from the City of Covington, and requesting that the City grant it a franchise agreement under the Ordinance. Bench Billboard's efforts were to no avail; in October 2005, the City confiscated any remaining benches that Bench Billboard had failed to voluntarily remove and placed them in a storage facility.

In addition to removing Plaintiff's advertising benches, the City also contacted Defendant Transit Authority of Northern Kentucky (TANK) - a Kentucky public utility which provides mass transit services to Boone, Campbell and Kenton counties as well as downtown Cincinnati - and requested that TANK comply with the Ordinance by removing all advertising panels from its bus shelters located within the City of Covington. After determining that very little income was generated from the advertising panels in question, TANK agreed to voluntarily cease placing paid advertisements on its bus shelters in Covington; however, TANK made clear to the City that its actions were purely voluntary, asserting that, as a public utility, it was exempt from complying with municipal zoning laws. Although TANK has reserved the right to resume selling advertising space on its Covington bus shelters at any time, in the time since its enactment, TANK has voluntarily complied

---

maintenance of benches, transit shelters or other public service items without advertising panels on any public right-of-way, provided that a permit for each item has been obtained pursuant to division (B).

City of Covington Code of Ordinances § 96.71.

with the Ordinance.

In addition to requesting TANK to remove all advertising from its bus shelters in Covington, the City also asked TANK to place new benches at several of its high-traffic bus stops in the City. TANK agreed (several of these benches replaced Bench Billboard advertising benches previously removed by the City), and at the request of one of its board members had the logo "TANK" worked into the metal back of each bench. Over 30 of these metal benches were placed at Tank bus stops throughout Covington.

Bench Billboard commenced the instant action against the City of Covington on April 6, 2006, alleging that the Ordinance violates Bench Billboard's rights under the First and Fourteenth Amendments of the United States Constitution (and analogous provisions in the Kentucky Constitution), and seeking relief under § 1983. In addition, the Complaint includes the state-law claims of tortious interference with a business/contractual relationship and conversion. (Doc. #1). Bench Billboard seeks to recover compensatory and punitive damages, injunctive relief against the enforcement of the Ordinance, and attorney's fees and costs.

On November 16, 2006 - over six months after filing suit against the City of Covington - Bench Billboard sent a letter to TANK proposing to install four advertising benches at three TANK bus stops located within the City of Covington. TANK did not respond to the letter. On January 11, 2007, Bench Billboard sent another letter to TANK asking permission to install 350 benches at TANK bus stops throughout Northern Kentucky - including the City of Covington - and requested information regarding "[TANK]'s process to obtain any necessary approval, permit(s), and/or license(s) to install these benches with advertising displays upon the public right-of-ways throughout Northern Kentucky." (Doc.

#88, ex. B). TANK did not respond to the second letter.

Following TANK's failure to respond to Bench Billboard's first letter, Bench Billboard moved for leave to amend its Complaint in order to join TANK as a defendant to its pending suit against the City of Covington. (Doc. #20). Bench Billboard's motion was granted (Doc. #21), and Bench Billboard's Amended Complaint was filed on December 7, 2006 (Doc. # 22), and later amended on March 31, 2008[3] (Doc. #62). The Second Amended Complaint alleges that TANK's failure to respond to Bench Billboard's letters amounted to a refusal to allow Bench Billboard to install its advertising benches at TANK bus stops, thereby depriving Bench Billboard of its constitutional rights, and tortiously interfering with Bench Billboard's business.

On January 20, 2009, the City repealed Ordinance 0-48-05, and adopted a new ordinance governing the placement of "encroachments" in the public rights of way. Although this new development may significantly impact the nature of Bench Billboard's pending claims against the City of Covington, as none of Bench Billboard's claims against TANK are directly related to the enactment or enforcement of Ordinance 0-48-05, the repeal of the Ordinance has no effect upon this Court's analysis of the cross-motions for summary judgment presently under consideration.

---

[3] TANK filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 27, 2007. (Doc. #36). The Court denied TANK's motion without prejudice on May 31, 2007, (doc. #41), on the grounds that, at the time the motion was filed, it was unclear the extent to which TANK's status as a "public utility" affected its ability to place encroachments in the public rights of way in violation of municipal ordinances. In addition, the facts regarding TANK's methods of procurement and placement of advertising at its transit stops was unclear.
However, now that a fair amount of discovery has been completed, and the factual and legal questions mentioned above have been substantially clarified, the Court now has sufficient evidence before it to adjudicate whether TANK should be dismissed from this action.

5

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The fact that both parties filed summary judgment motions does not alter the standard by which this Court reviews these motions: "When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)).

"The moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), it must produce evidence showing that a genuine issue remains, *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record as a whole, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

### B. Standing

"Standing is the 'threshold question in every federal case.'" *Grendell v. Ohio*

*Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)).  There is "[n]o principle . . . more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."  *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  "Article III standing . . . enforces the Constitution's case-or-controversy requirement."  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

The party invoking federal jurisdiction bears the burden of establishing standing.  *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992)).  To satisfy the standing requirement imposed by the Constitution, a party must demonstrate that:

> (1) he or she suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing.  The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of future harm.

*Feiger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (internal citations and quotation marks omitted).  If a plaintiff fails to establish constitutional standing, his or her claims must be dismissed for lack of subject matter jurisdiction.  *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007).

In order to establish the "injury in fact" element of standing, a plaintiff must demonstrate that they "'personally ha[ve] suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979).  Here, Bench Billboard claims to have sustained an

7

injury due to TANK's failure to respond to Bench Billboard's offers to place advertising benches at TANK bus stops within Covington and throughout Northern Kentucky. Bench Billboard asserts that TANK's failure to respond amounts to an unjustified prohibition against placement of Bench Billboard's advertising benches at TANK bus stops in violation of Bench Billboard's constitutional rights.

Bench Billboard's characterization of TANK's actions, however, is misleading. TANK has never affirmatively refused to allow, or prohibited the placement of Bench Billboard's benches at TANK bus stops; to the contrary, TANK merely failed to respond - either positively or negatively - to Bench Billboard's unsolicited proposals. Bench Billboard's assertions regarding the meaning or effect of TANK's failure to respond are particularly puzzling given the parties' past positive interaction[4] and TANK's assertion, prior to and throughout this litigation, that it has no objection to Bench Billboard placing its advertising benches at TANK's bus stops.

Indeed, given the representations by both parties that TANK does not oppose the placement of advertising benches at its bus stops,[5] and Bench Billboard's awareness from

---

[4] On January 16, 1992, Bench Billboard sent a letter to Gary Berkley, then TANK's Director of Schedules, requesting a list of TANK's heavy-loading bus stops. (Doc. #84, ex. A) In addition, Bench Billboard requested TANK draft a letter asking Bench Billboard to place advertising benches at high-traffic TANK bus stops. Bench Billboard's letter makes clear that it is not requesting permission from TANK to place the benches at those bus stops, rather Bench Billboard asks TANK to express a "need" for the benches in order to satisfy the City of Newport's requirement that a need for seating be shown before advertising benches can be placed at TANK bus stops within the City of Newport.

On March 27, 1992, Gary Berkley, then TANK's Director of Schedules, sent a letter to Bench Billboard identifying heavy-loading bus stops in Newport, KY and expressing the requested "need" for seating at those bus stops: "I am sure that TANK passengers would appreciate benches in these locations." (Doc. #87, ex. 5).

[5] In making these representations, however, TANK has stressed that if Bench Billboard places advertising benches at TANK bus stops in violation of municipal ordinances, those benches may be subject to removal by the municipality which enacted the ordinance. "Plaintiff remain[s] free to pursue the installation of its advertising benches with the appropriate municipal or county authority." (Doc. #88, at 3).

its prior dealings with TANK that specific permission is not a prerequisite to other entities placing benches or bus shelters at TANK bus stops,[6] any injury suffered by Bench Billboard due to the absence of its advertising benches at TANK bus stops stems only from Bench Billboard's own forbearance, and not any action fairly traceable to TANK.

Furthermore, even if Bench Billboard were able to assert an injury in fact fairly traceable to TANK, TANK's status as a public utility renders unlikely the possibility that any such injury could be redressed by a favorable decision from this Court. All parties agree that TANK, as a political subdivision of the state, is exempt from municipal zoning regulations under Kentucky Revised Statutes § 100.361(2). However, Section 100.324(1) clarifies the nature of that exemption, stating that public utilities "shall not be required to receive approval from the [municipality] for the location or relocation of any of *their service facilities*." K.R.S. § 100.324(1) (emphasis added). Consequently, while TANK may place shelters and benches owned by TANK on public property regardless of any applicable municipal zoning laws, it is far from clear whether TANK, under the laws of Kentucky, could actively facilitate the circumvention of municipal ordinances by private companies - such as Bench Billboard - by "allowing" those companies to place forbidden items at TANK bus stops. Rather, because Section 100.324(1) seems to grant an exemption only for "service facilities" owned by TANK, any order from this Court directing TANK to "allow" Bench

---

[6] The letters exchanged by Bench Billboard and TANK in 1992 regarding the placement of benches at TANK bus stops in the City of Newport, compel the conclusion that Bench Billboard was aware that it could place advertising benches at TANK bus stops - without permission from TANK - provided that the municipality in which the bus stops were located did not object to the benches.
In addition, Gary Berkley, TANK's Assistant Director of Operations, testified that entities other than TANK - such as Northern Kentucky University - placed bus shelters at TANK bus stops without first obtaining permission from TANK to do so, and that TANK has never objected to the placement of amenities at TANK bus stops by other entities. (Doc. # 77, 21:3 to 22:21).

Billboard to place its benches at TANK bus stops would have no lasting effect as those benches placed pursuant to the direction of this Court would not be exempt from municipal zoning, and could be immediately removed by the governing municipality if they are placed in violation of zoning laws.

Accordingly, as Bench Billboard has failed to establish the first and third elements of standing, this Court is without subject matter jurisdiction to hear its claims against TANK.

### III.   CONCLUSION

Therefore, for the reasons stated herein:

**IT IS ORDERED as follows:**

1. This Court finds that Bench Billboard has failed to establish constitutional standing to pursue its claims against TANK; accordingly, Defendant TANK's Motion for Summary Judgment (Doc. #74) is hereby **GRANTED** on the grounds that Bench Billboard lacks standing, and Plaintiff's claims against TANK are hereby **DISMISSED WITH PREJUDICE** due to this Court's lack of subject matter jurisdiction; and

2. Plaintiff's Motion for Partial Summary Judgment (Doc. #76) is hereby **DENIED**.

This 4th day of March, 2009.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\2-06-75-OrderDismissingTANK.wpd