UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 06-75-DLB**

**BENCH BILLBOARD COMPANY**                                       **PLAINTIFF**

vs.                     **MEMORANDUM OPINION AND ORDER**

**CITY OF COVINGTON, KENTUCKY**                              **DEFENDANT**

***** ***** ***** ***** *****

      Plaintiff Bench Billboard Company ("Bench Billboard") commenced this civil action against Defendants City of Covington, Kentucky ("Covington") and Transit Authority of Northern Kentucky ("TANK") alleging, *inter alia*, that a Covington ordinance prohibiting the placement of advertising benches in public rights-of-way was unconstitutional and in violation of Bench Billboard's statutory rights. Defendant Covington prevailed on its counterclaim seeking a declaration that Covington Ordinance 0-2-09 is constitutional as applied to Bench Billboard, and that decision was subsequently affirmed by the Sixth Circuit on appeal.[1]

      This matter is currently before the Court on Defendant Covington's Motion for Further Relief (Doc. # 144) wherein it seeks a mandatory injunction or court order requiring Bench Billboard to remove its benches from Covington's public rights-of-way in compliance with Ordinance 0-2-09. This motion has been fully briefed (Docs. # 146, 149), and is now

---

[1] *See Bench Billboard Co. v. City of Covington, Kentucky*, No. 06-75-DLB, 2010 WL 420064 (E.D. Ky. Feb. 1, 2010); *Bench Billboard Co. v. City of Covington, Kentucky*, 465 F. App'x 395 (6th Cir. Feb. 13, 2012).

1

ripe for review. On July 13, 2012, the Court conducted a hearing on the Motion at which counsel for both parties were heard. At the conclusion of the hearing, the Court granted the motion. By this Memorandum Opinion and Order, the Court gives its reasons for doing so.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this matter is articulated in more detail in this Court's previous opinions,[2] and is summarized only briefly herein. Plaintiff, Bench Billboard, is an Ohio business that installs and maintains advertising benches on both public and private property throughout Michigan, Ohio, Indiana, and Kentucky. Bench Billboard initiated this civil action in April 2006, alleging that a Covington ordinance prohibiting encroachments in public rights-of-way violated Bench Billboard's constitutional rights, and also alleging state-law claims of tortious interference and conversion for the removal of its advertising benches from Covington sidewalks. (Doc. # 1). In this action, Bench Billboard sought compensatory and punitive damages, and injunctive relief against the enforcement of the ordinance. (*See* Docs. # 1, 62). The Covington ordinance originally attacked, Ordinance 0-48-05, was repealed in January 2009, at which time Covington adopted a new ordinance governing the placement of items in the public rights-of-way, Ordinance 0-2-09. This new ordinance maintained the prohibition on encroachments, but carved out eight exceptions, including property placed by a governmental or quasi-governmental agency or body. Covington, Ky., Code § 96.01 (2009); *See Bench Billboard*

---

[2] *See Bench Billboard Co. v. City of Covington, Kentucky*, No. 06-75-DLB, 2009 WL 580213 (E.D. Ky. Mar. 4, 2009)*; Bench Billboard Co. v. City of Covington, Kentucky*, No. 06-75-DLB, 2010 WL 420064 (E.D. Ky. Feb. 1, 2010).

*Co.*, 2010 WL 420064, at *2 n.6.

Upon Bench Billboard's refusal to comply with the new ordinance, Covington amended its answer to assert a Counterclaim (Doc. # 119) seeking, in part, a declaratory judgment stating that Covington Ordinance 0-2-09 is constitutional as applied to Bench Billboard.³  Bench Billboard filed an answer to Covington's counterclaim denying its allegations, and asserting a reciprocal counterclaim against Covington. (Doc. # 126). As with its prior challenge to Ordinance 0-48-05, Bench Billboard argued that Ordinance 0-2-09 violated the First and Fourteenth Amendments to the United States Constitution, and sought compensatory and punitive damages, declaratory relief, and attorney's fees and costs. (*Id.*). The action culminated in cross-motions for summary judgment. (Docs. # 131, 132).

On February 1, 2010, this Court entered a Judgment, accompanied by a Memorandum Opinion and Order, *Bench Billboard Co. v. City of Covington, Kentucky*, No. 06-75-DLB, 2010 WL 420064 (E.D. Ky. Feb. 1, 2010), denying Bench Billboard's motion for summary judgment and granting Covington's motion in part, declaring that "City of Covington Ordinance 0-2-09 is constitutional in that it does not, as applied to Bench Billboard Company, violate either the First or the Fourteenth Amendments to the United States Constitution." (Doc. # 140). The Sixth Circuit affirmed this decision on February 13, 2012. *See Bench Billboard Co. v. City of Covington, Kentucky*, 465 F. App'x 395 (6th Cir. Feb. 13, 2012).

---

³ In its Counterclaim, Covington also sought to have Covington Ordinance 0-37-08, a zoning ordinance, declared to be constitutional as applied to Bench Billboard, and requested that both ordinances also be declared not to violate any of Bench Billboard's statutory rights granted by K.R.S. Chapter 100 and previous Covington Zoning Ordinance 158.037(1). (*See* Doc. # 119).

3

Counsel for the City of Covington subsequently contacted counsel for Bench Billboard to request that Bench Billboard remove its benches from Covington's public rights-of-way in compliance with the upheld Ordinance 0-2-09. (*See* Doc. # 144-2). Bench Billboard refused. (*Id.*). In light of Bench Billboard's continued refusal, on March 27, 2012 Covington filed the instant Motion for Further Relief (Doc. # 144) wherein it requests "further necessary and proper relief based upon the declaratory judgment and order entered by this Court" and affirmed by the Sixth Circuit Court of Appeals. (*Id.*). Specifically, Covington requests that the Court order "plaintiff Bench Billboard Company to remove all of its benches with or without attached billboards from the sidewalks of Covington, Kentucky."[4] (*Id.*). Covington also requested reasonable attorney's fees and costs incurred to enforce the declaratory judgment (*Id.*), however this request was withdrawn at the hearing.

## II.  ANALYSIS

**A. Mandatory Injunction**

### 1. Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, grants authority to any United States court having jurisdiction over a case of actual controversy to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.* Section 2202 provides that:

---

[4] Bench Billboard estimated at the hearing that approximately twenty of its benches remain located in the Covington public rights-of-way.

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. § 2202.

This Court previously issued a declaratory judgment, sought by the City of Covington, declaring that Covington Ordinance 0-2-09 "is constitutional in that it does not, as applied to Bench Billboard Company, violate either the First or the Fourteenth Amendments to the United States Constitution." (Doc. # 140). Covington now seeks further relief in the form of an injunction pursuant to 28 U.S.C. § 2202.[5] (Doc. # 144).

### a. Injunctive relief may be granted pursuant to 28 U.S.C. § 2202 and need not be requested at the time declaratory judgment is initially sought.

Bench Billboard first argues that 28 U.S.C. § 2202 "provides no specific support for Covington's claim for injunctive relief." (Doc. # 146 at 3). Bench Billboard also contends that injunctive relief should not be granted because Covington did not request injunctive relief in its Counterclaim, nor has the issue of entitlement to injunctive relief been previously addressed by the courts. (*Id.* at 1-2). Neither of these contentions have merit, and Covington is not precluded from seeking an injunction pursuant to 28 U.S.C. § 2202 at this time.

Bench Billboard argues that Covington's Motion for Further Relief should be denied because 28 U.S.C. § 2202 "provides no specific support" for the requested injunction as that "section does not make any reference to the remedy of injunctive relief." (Doc. # 146

---

[5] Covington alternatively seeks a "court order mandating a specific act pursuant to Fed. R. Civ. P. 70" requiring the removal of Bench Billboard benches from the sidewalks of Covington. (Doc. # 144). Bench Billboard correctly points out, however, that Rule 70 is inapplicable to the facts and procedure presented here. (Doc. # 146 at 2-3). Covington does not dispute this in its Reply, but rather focuses its entitlement to injunctive relief on 28 U.S.C. § 2202. (*See* Doc. # 149).

at 3). Bench Billboard notes that this section does not explicitly refer to injunctive relief, and implies that this form of remedy is thus precluded from its scope. (*Id.*). The Court disagrees.

The Sixth Circuit, as well as other circuit courts, have held that a district court may grant injunctive relief pursuant to Section 2202 if it is deemed necessary or proper based on the court's previously issued declaratory judgment.[6] In *Petersime Incubator Co. v. Bundy Incubator Co.*, 135 F.2d 580 (6th Cir. 1943), the Sixth Circuit held that the district court did not err in ordering an injunction in a patent case where the issues of validity and infringement had been pleaded and determined. *Id.* at 584. The Sixth Circuit recognized that "the District Court had jurisdiction under the Declaratory Judgment Act . . . to grant further relief whenever necessary or proper." *Id.* (noting that the application for further relief was made in conformance with the statute, "and the appellant had ample opportunity to show cause why the relief should not be granted"). The Supreme Court has also found that where a court chooses not to issue an injunction initially, it may grant only declaratory relief, recognizing that "[a] declaratory judgment can then be used as a predicate to further relief, including an injunction." *Powell v. McCormack*, 395 U.S. 486, 499 (1969); *see also Samuels v. Mackell*, 401 U.S. 66, 72 (1971) (recognizing that "the Declaratory Judgment Act provides that after a declaratory judgment is issued the district court may enforce it by

---

[6] *See Petersime Incubator Co. v. Bundy Incubator Co.*, 135 F.2d 580, 584 (6th Cir. 1943); *see also United Teacher Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 570 (5th Cir. 2005) (stating that "under § 2202, 'the prevailing party [in a declaratory judgment action] may seek further relief in the form of damages or an injunction.'") (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 537 (5th Cir. 1978)); *McCann v. Kerner*, 436 F.2d 1342, 1344 (7th Cir. 1971) (interpreting § 2202 as contemplating "that subsequent to the issuance of a declaratory judgment, a court may upon notice and hearing grant injunctive relief to protect and enforce its judgment"); *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1002 (10th Cir. 1993) (stating that § 2202 "permits the original judgment to be supplemented either by damages or by equitable relief even though coercive relief might have been available at the time of the declaratory action") (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 2771, at 765-67 (2d ed. 1983)).

granting '(f)urther necessary or proper relief,' 28 U.S.C. s 2202, and therefore a declaratory judgment . . . might serve as the basis for a subsequent injunction"). Courts have repeatedly made clear that, although not explicitly identified in Section 2202, an injunction is one method of "further relief" that may be granted under the Declaratory Judgment Act.

Bench Billboard additionally contends that injunctive relief should not be granted because Covington did not request an injunction in its Counterclaim and the issue has not been previously addressed by the courts. This assertion also lacks merit. The fact that Covington did not previously plead entitlement to injunctive relief is not fatal to its instant request. Bench Billboard suggests that Covington's claim for injunctive relief is now barred by the doctrine of res judicata. (*See* Doc. # 146 at 4 (stating that "[i]f the doctrine [of res judicata] has any applicability at all to this case, it would preclude Covington from raising the issue of injunctive relief at this point since it failed to do so at the trial court level")). However, the Declaratory Judgment Act provides an exception to this rule "for cases in which the only relief sought in the first suit is a declaratory judgment." *Allan Block Corp. v. Cnty. Materials Corp.*, 512 F.3d 912, 916 (7th Cir. 2008); *see also Harborside Refrigerated Services, Inc. v. Vogel*, 959 F.2d 368, 372-73 (2d Cir. 1992) ("Many jurisdictions recognize an exception to ordinary res judicata principles where . . . the prior action involved only a request for declaratory relief," allowing a party to later "pursue further declaratory or coercive relief."); *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 549 (D.C. Cir. 1988) ("Where a party asks only for declaratory relief, courts have limited the preclusive effect to the matters declared, hence permitting a later action seeking coercive relief based on the same cause of action."); *cf. Holbrook v. Shelter Ins. Co.*, 186 F. App'x 618, 622 (6th Cir. 2006) (finding that the similarly-worded Kentucky state-law

"statute permitting further relief based on [a] declaratory judgment, K.R.S. § 418.055, envisions claims for damages or equitable relief made solely in reliance on the declaration").

This Act provides for injunctive relief as "an authorized and common sequel to a declaratory judgment," to assist parties who have obtained such a judgment, but whose adversary has "thumbed his nose at the declaration." *Id.* (citing Declaratory Judgment Act, 28 U.S.C. § 2202). That is precisely the situation here. Covington aptly notes that Bench Billboard's "attitude and posturing in refusing to remove its unsightly benches from Covington's rights-of-way is a textbook example of why this federal statute was enacted." (Doc. # 149 at 2). Courts have consistently given effect to the purpose of Section 2202 by allowing parties to obtain further relief based on a declaratory judgment, even when such relief was not originally sought. *See, e.g.*, *Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g Co.*, 255 F.2d 518, 522 (2d Cir. 1958) (finding § 2202 "to mean that the further relief sought . . . need not have been demanded, or even proved, in the original action for declaratory relief"); *United Teacher Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 573 (5th Cir. 2005) (permitting a later award of damages where the party's "request for further relief . . . flowed from, and was consistent with, the declaratory judgment entered in its favor"); *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1003 (10th Cir. 1993) (finding that § 2202 "'authorizes the court to grant relief that was not demanded or relief that was not even proved in the original declaratory judgment action'") (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 2771, at 766-67 (2d ed. 1983)). Thus, it is immaterial to the Court's consideration of Covington's current request for further injunctive relief that Covington did not specifically seek such relief in the original

proceedings.

> **b. The injunction presently sought by Covington is necessary and proper further relief based on the declaratory judgment issued, and affirmed, in this case.**

Bench Billboard additionally opposes Covington's Motion on the basis that the relief sought is beyond the scope of the declaratory judgment and the decisions of this Court and the Sixth Circuit Court of Appeals. (*See* Doc. # 146). The Declaratory Judgment Act requires that the specific further relief sought be "necessary or proper" based on the previously issued declaratory judgment and the "rights [that] have been determined by such judgment." 28 U.S.C. § 2202.

In addressing Bench Billboard's constitutional challenge to Covington Ordinance 0-2-09, this Court and the Sixth Circuit Court of Appeals premised their analysis on the findings that the ordinance applied to Bench Billboard benches located on Covington's rights-of-way, and that these benches were prohibited encroachments under the terms of that ordinance. An earlier decision of this Court noted that the suit was commenced in response to the Covington encroachment ordinance "which prevented [Bench Billboard] from continuing to place its advertising benches in the City's public rights-of-way." *Bench Billboard Co.*, 2010 WL 420064, at *1. In denying Bench Billboard's contention that its benches are entitled to non-conforming use status, this Court further determined that "the City's encroachment ordinance prohibits Bench Billboard from placing its benches in the City's rights-of-way, regardless of how many years the benches have been located within Covington." *Id.* at *10. On appeal, the Sixth Circuit defined Bench Billboard's injury as "Covington's removal of [its] benches from public rights-of-way including in the area of TANK bus stops pursuant to a Covington ordinance." *Bench Billboard Co.*, 465 F. App'x

at 398. Recognizing that the challenged Covington ordinance applies to, and prohibits, Bench Billboard benches placed in the Covington public rights-of-way, this Court declared that the ordinance was constitutional as applied to Bench Billboard. *Bench Billboard Co.*, 2010 WL 420064.

The injunctive relief requested here is necessary based on the rights defined in the declaratory judgment, particularly in light of Bench Billboard's continued refusal to comply with the ordinance. Even if Covington's current request was not found to be a "necessary" sequel to the prior judgment, "the plain language of the Declaratory Judgment Act does not require this degree of stringency. The relief need only be proper." *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988). The placement of Bench Billboard's benches on the sidewalks of Covington is in direct violation of Covington Ordinance 0-2-09 prohibiting encroachments on Covington's public rights-of-way. From the outset, Bench Billboard has refused to comply with the ordinance, challenging its constitutionality. At Covington's request, this Court declared that Ordinance 0-2-09 was constitutional as applied to Bench Billboard. Even in the wake of this ruling, and its affirmance on appeal, Bench Billboard continues to refuse Covington's request to remove its benches from Covington's public rights-of-way in compliance with Ordinance 0-2-09. Based on the Court's previously issued declaratory judgment, it is proper for this Court to require Bench Billboard to comply with the clear terms of the challenged and subsequently upheld ordinance.

Bench Billboard concedes that the decision of both Courts was to find Covington Ordinance 0-2-09 constitutional, however it contends that the Sixth Circuit has not "addressed the applicability of that Ordinance to [Bench Billboard] benches located at

TANK bus stops." (Doc. # 146 at 4-5). Bench Billboard states that it asserted its right to place benches at TANK bus stops in it pleadings. It argues that those claims were only dismissed because Bench Billboard lacked standing to pursue such claims against TANK as TANK did not object to the placement of the benches. (Doc. # 146 at 4). Bench Billboard further argues that "[n]either Court concluded . . . that as a matter of law, [Bench Billboard] would not be able to place its benches at TANK bus stops." (*Id.*).

Although Bench Billboard correctly states that neither this Court nor the Sixth Circuit Court on appeal specifically defined the rights of the parties as between Bench Billboard and TANK, Bench Billboard grossly mischaracterizes the inquiry undertaken by both Courts, as well as the conclusions each did - and did not - reach. That Bench Billboard did not have standing to pursue claims against TANK *as a party* does not mean that the Courts' decisions do not apply to Bench Billboard benches located at or near TANK bus stops.

In its prior decision upholding the constitutionality of Ordinance 0-2-09, the Court considered *all* Bench Billboard benches located in Covington's public rights-of-way as subject to Ordinance 0-2-09. Although the placement of benches at or near TANK bus stops was not analyzed separately from the placement of benches in other locations within the Covington public rights-of-way in determining the rights as between Covington and Bench Billboard, nothing in the Court's Order qualified or limited its holding to benches located on unique portions of Covington sidewalk. The fact that the Court did not separately hold that Covington Ordinance 0-2-09 applies and is constitutional as to each specific section of sidewalk, but rather upheld the Ordinance as applied to Bench Billboard and as challenged *in toto*, does not render the declaratory judgment per se inapplicable to

11

individual portions of sidewalk however they may now be distinguished.

Bench Billboard bases its entitlement to maintain its benches at or near TANK bus stops on the rights provided to TANK in the Kentucky Revised Statutes. Bench Billboard states that, pursuant to K.R.S. § 100.324(1), TANK "shall not be required to receive approval from the [municipality] for the location or relocation of any service facility," - i.e. any bus stop. (Doc. # 146 at 4). Bench Billboard then argues that "TANK's staking out control of bus stops along the right of ways in Covington and elsewhere in Northern Kentucky could only be described as an exercise of its eminent domain authority." (Doc. # 146 at 5).[7] Bench Billboard reasons in its Response that "if TANK has the authority to place shelters and benches, with or without advertising, at its bus stops, it certainly has the right to allow [Bench Billboard] to place its benches, with or without advertising, at the same bus stops in lieu of or in addition to TANK's own benches and/or shelters." (*Id.*).

Covington contends that, assuming TANK has the authority to disregard the Ordinance in locating its service facilities and placing its own benches, it cannot extend that privilege to private entities such as Bench Billboard. The Sixth Circuit Court of Appeals addressed this argument in its decision, noting that Bench Billboard "presented no evidence that TANK had authority to permit private corporations to install bench billboards at TANK bus stops that would be exempt from local ordinances . . . by virtue of TANK's status as a public utility." *Bench Billboard Co.*, 465 F. App'x at 398 . The Sixth Circuit further noted that "[i]n fact, the record evidence supports that TANK cannot authorize placement of

---

[7] It is correct that in exercising its authority under the specified provision of the statute, K.R.S. § 100.324(1), TANK may affix bus shelters and place benches at these stops. However, any exercise of this right is not tantamount to an exercise of eminent domain power, as explained below.

privately owned benches at TANK bus stops." *Id.* Bench Billboard has failed to cite any authority to support its argument that the statutory rights and exemptions granted to TANK as a public utility may be extended by TANK to private entities, such as Bench Billboard, and thereby remove those private entities from the reach of Covington's encroachment ordinance.

Moreover, even if TANK could adopt these benches as its own, taking them out of the reach of Ordinance 0-2-09, it has not done so. Bench Billboard has presented no evidence, nor even bare allegation, to suggest that TANK has made any affirmative attempt to claim the benches as its own, or to assert any right to the benches or their placement. Further, a review of the record reveals that TANK has repeatedly refused to get involved in the controversy between Bench Billboard Company and the City of Covington. During prior proceedings, TANK made clear its belief that Bench Billboard's right to place its advertising benches at TANK bus stops was governed by municipal ordinances, and that the benches may be subject to removal by the enacting municipality if they are found to be in violation of any such ordinance. *See Bench Billboard Co.*, 2009 WL 580213, at *4 n.5; (Doc. # 88 at 3). Although TANK never affirmatively objected to the placement of their benches, TANK stressed that Bench Billboard "remain[s] free to pursue the installation of its advertising benches with the appropriate municipal or county authority." (Doc. # 88 at 3). TANK has taken no action to claim these benches as its own, nor attempted to grant its support or approval as to their placement. Regardless of whether such a strategy would ultimately be successful, it is inapplicable to the facts presented here.

Distinct from its argument that TANK can affirmatively shield Bench Billboard benches from local regulation through its own exemption as a public utility, Bench Billboard

13

now argues that Covington lacks jurisdiction entirely over the locations of TANK service facilities. Although this distinction is not abundantly apparent from Bench Billboard's written submissions, the contours of this argument are made clear in the recent correspondence between counsel for the parties, and is the focus of Covington's Reply.[8] (*See* Doc. # 144-2). Prior to the filing of the instant Motion, the City Solicitor for Covington and counsel for Bench Billboard exchanged letters in which Covington renewed its request that Bench Billboard remove its benches from the sidewalks of Covington in compliance with Ordinance 0-2-09. (*Id.*). Bench Billboard again refused. (*Id.*). It is in light of this correspondence that Bench Billboard's use of the term "eminent domain" in its Response may be conclusively interpreted to implicate K.R.S. § 96A.080, although not specifically cited therein. (*See* Doc. # 149 at 4-6).

In these letters, counsel for Bench Billboard clarifies its argument that by virtue of TANK's eminent domain power, only TANK has jurisdiction over the property where its service facilities are located, and thus only TANK has the authority to force the removal of Bench Billboard benches located on that property. (*See* Doc. # 144-2 at 5, 8). Bench Billboard argues that because the public rights-of-way at these locations have been acquired by TANK through the exercise of its eminent domain authority, Bench Billboard benches located at or near TANK bus stops are beyond the jurisdiction of the City of Covington and are thus not subject to Covington Ordinance 0-2-09. As previously noted by the Court, and repeatedly emphasized by Bench Billboard, TANK has not affirmatively objected to the placement of private benches at its bus stops. Therefore, Bench Billboard

---

[8] Bench Billboard confirmed and reiterated this argument at the hearing.

14

argues, TANK's eminent domain authority, coupled with TANK's acquiescence to the presence of Bench Billboard benches, provides Bench Billboard with a right to place its benches at or near TANK bus stops notwithstanding any Covington ordinance to the contrary.

This argument finds no support in law or the facts of this case. As an initial - and most significant - matter, the record does not indicate that TANK has ever *exercised* eminent domain power in connection with any of its Covington bus stops. Kentucky Revised Statute § 96A.080(3) provides a process by which transit authorities may exercise the power of eminent domain to "acquire real and personal property, franchises, bus certificates, easements and other rights when necessary in and to the accomplishments of the public purposes of the authority," if the authority is unable to contract or agree with the owner of that property or rights. K.R.S. § 96A.080(3). Covington maintains that "TANK has not acquired any bus stop location by eminent domain." (Doc. # 144-2 at 6). No documentation has been provided to show otherwise, or to demonstrate that a resolution was ever reached or approved to acquire any of the property in question in accordance with the process set forth in K.R.S. § 96A.080(3). Thus, contrary to the implications associated with Bench Billboard's assertion that the bus stops were acquired by eminent domain, Covington argues that TANK does not *own* any of the rights-of-way that its shelters and benches occupy. (Doc. # 149 at 4). There is no evidence that TANK has acquired property rights of any kind over the public property where their stops are located that might allow it to determine who else may use or occupy that space. (*Id.*).

In its Response, Bench Billboard again grossly mischaracterizes the decisions of this Court and of the Sixth Circuit in stating that "[n]either Court questioned that TANK's staking

15

out control of bus stops along the right of ways in Covington and elsewhere in Northern Kentucky could only be described as an exercise of its eminent domain authority." (Doc. # 146 at 5). Neither Court provided even tacit approval of such a theory as implied by Bench Billboard. No inquiry or conclusions were made by either Court suggesting that TANK acquired any bus stop locations through the exercise of eminent domain. In fact, a review of the record commands an opposite conclusion. TANK has disclosed that its actual procedure for placing bus stops and benches in Covington, as well as other areas of Northern Kentucky, is to first seek permission from the applicable city or county in which the stop will be located. *See Bench Billboard Co.*, 465 F. App'x at 398. Even without gaining such approval, the placement of TANK's bus stops is permitted under K.R.S. § 100.324(1) which authorizes a transit authority, as a public utility, to install and relocate service facilities - e.g. bus stops - without the approval of local planning units. *See id.* at *12 n.5; K.R.S. §§ 96A.020, 100.324, 100.361(2). This statute alone, however, does not confer property rights onto public utilities by transferring ownership over a portion of real property; it simply provides them with the authority to place or relocate service facilities on public property without approval from the respective municipality. *See* K.R.S. § 100.324(1).[9] The process actually employed by TANK, and the relevant statutory

---

[9] During the hearing, Bench Billboard drew attention to a portion of this Court's prior decision addressing the exception in Ordinance 0-2-09 for quasi-governmental organizations in an attempt to support its eminent domain argument. (*See* Doc. # 139 at 14-15). The highlighted portion of the decision states, in part, that Covington "is arguably without power to regulate the activities of [quasi-governmental] organizations" such as TANK. (*Id.*) (citing K.R.S. § 100.324(1); Covington, Ky., Code § 96.01(b)(3)(e)). The paragraph cited by Bench Billboard is entirely consistent with the findings herein, and provides no support for any of Bench Billboard's contested assertions. There is no dispute that TANK, as a public utility, does not need approval from the City of Covington for the placement of its service facilities, including shelters, benches, and identifying signs. Bench Billboard appears to continually overlook two key distinctions: (1) that Bench Billboard's benches are not the property of a public utility, i.e. TANK, and are therefore not entitled to this exception, and (2) that the exemption from municipal regulation granted to public utilities regarding the placement of service facilities is simply that; it does not confer any additional property rights over the public land on or around which those

exemptions TANK is entitled to, are entirely unrelated to a transit authority's eminent domain power. Therefore, Bench Billboard's arguments founded on the premise that the area surrounding these stops were acquired by TANK through the exercise of eminent domain are wholly unsupported by the facts of this case.

Bench Billboard's stated reasons for continuing to disregard the effect of the Court's previously issued declaratory judgment are entirely lacking in merit. The Court finds Bench Billboard's arguments to be disingenuous and unsupported by the law and facts of this case. Bench Billboard attempts to shield itself from the reach of Covington Ordinance 0-2-09 by asserting a right to the same exemptions afforded to TANK as a public utility. However, as a private commercial entity, Bench Billboard is not entitled to such exemptions. Bench Billboard has provided no evidence to demonstrate that TANK has adopted any Bench Billboard benches as its own, nor provided any authority to support its argument that the benches at issue may be protected from local regulation by riding on the coattails of TANK's exemption. Bench Billboard's arguments relying on TANKS's use of eminent domain power are likewise unfounded. No evidence has been offered to demonstrate that such power was ever exercised, and a review of the record refutes that premise. As this Court has previously found, Bench Billboard benches located in Covington's public rights-of-way are subject to Covington's ordinances, including Ordinance 0-2-09 prohibiting encroachments, regardless of their geographic proximity to TANK bus stops. In accordance with the Court's previously issued judgment declaring Covington Ordinance 0-2-09 to be constitutional as applied to Bench Billboard, Bench Billboard is

---

items are placed.

required to remove its benches from Covington public rights-of-way in compliance with that ordinance.

### III.  CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

1. Covington's Motion for Further Relief (Doc. # 144) is **GRANTED**; and

2. **Not later than August 12, 2012** Bench Billboard Company shall remove all of its benches, with or without advertising, from the public rights-of-way of Covington, Kentucky, including the areas at and near TANK bus stops, in compliance with Covington Ordinance 0-2-09.

This 17th day of July, 2012.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\Opinions\Covington\2006\06-75 MOO granting Mtn for Further Relief.wpd